IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL FEBUS-RODRIGUEZ, et al

Plaintiffs

v.

ENRIQUE QUESTELL-ALVARADO, et al

Defendants

Civil No. 06-1627 (SEC)

**OPINION and ORDER**

Pending before this Court is Plaintiffs' motion for reconsideration (Docket # 166), and the Municipality of Santa Isabel's Response (Docket #168). Plaintiffs also filed a supplement to their motion, and the Municipality filed an opposition thereto. Docket ## 169 & 170. Upon reviewing the filings, and the applicable law, Plaintiffs' motion for reconsideration is **DENIED.**

**Factual Background**

On June 22, 2006, Plaintiffs filed suit against Defendants under Section 1983, 42 U.S.C. § 1983, and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 & 5142.[1] In the complaint,[2] Plaintiffs, employees of the Municipality, allege that they were terminated from their positions due to their political affiliations with the Popular Democratic Party ("PDP"), after Questell, the candidate for the New Progressive Party ("NPP"), won the November 4, 2004 mayoral elections in the Municipality. After extensive discovery, the Municipality, joined by the Municipality's Mayor, Enrique Questell-Alvarado ("Questell"), and the Human Resources Director, Natalie Rodriguez-Cardona (collectively "Defendants"), filed a

---

[1] Plaintiffs' claims under Law 100, their substantive due process claims, and their request for punitive damages were dismissed by this Court. See Docket # 34. Also, Plaintiffs voluntarily dismissed their COBRA claims. See Dockets ## 38 and 148.

[2] Plaintiffs filed the initial complaint on June 22, 2006. Docket # 4. Thereafter they filed an amended complaint (Docket # 5), and a second amended complaint (Docket # 39).

**CIVIL NO. 06-1627 (SEC)**  2

motion for summary judgment alleging that: (1) Plaintiffs' political harassment claims were time-barred; (2) they failed to adequately state procedural due process claims; (3) Plaintiffs failed to establish a *prima facie* case for political discrimination; (4) there were legitimate non-discriminatory reasons for Plaintiffs' terminations; (5) Questell and Rodriguez were entitled to qualified immunity; and (6) Antonia Leon Alvarado, Juana Ortiz Perez, Jose Sanchez Rodriguez, Sonia Campos-Colon, and Luis Soto Santiago's claims were time-barred.

Plaintiffs opposed, arguing that they had set forth a *prima facie* case for political discrimination. They also asserted that material issues of fact remained as to Defendants' proffered reason for Plaintiffs' terminations/demotions, precluding summary judgment. Plaintiffs also posited that Questell and Rodriguez were not entitled to absolute immunity. Notwithstanding, Plaintiffs assented to voluntarily dismiss their political harassment claims, except for Candida Jiménez Moreno and Cereida Muñoz's claims on this issue, and to the dismissal of Antonia Leon Alvarado, Juana Ortiz Perez, Jose Sanchez Rodriguez, and Luis Soto Santiago's claims as time-barred.[3] Also, all transitory and Law 52 Plaintiffs asserted to voluntarily dismiss their due process claims.

In its September 18, 2009 Opinion and Order, this Court partially granted Defendants' motion for summary judgment. Docket # 154. As a result, all Plaintiffs' procedural due process claims and Cereida Muñoz and Candida Jiménez's political harassment claims were dismissed with prejudice. Furthermore, all Co-Plaintiffs' political discrimination claims, except Angel L. Febus Rodríguez, Eugenio A. Reyes Alomar, Emma E. Espada Soto, Julio E. Espada Soto, Alma Jusino Guzman, Alma Mora Rivera, Farelyn Torres Colón, Karen I. Soldevila Muñoz, Luis A. Ithier Correa, Zasha Martínez Palermo, Ravindranas Laboy Cora, Angelita Rodríguez Colón,

---

[3] Sonia Campos-Colon claims were dismissed for failure to appear at her deposition. See Docket # 79.

**CIVIL NO. 06-1627 (SEC)**                                                                                              3

Héctor L. Rivera Briceno, Benoni Vega Suárez, Evelyn Leandry, Pablo Torres Rodríguez, Evelyn Rivas Rodriguez, Leslie Rentas Martinez, Ana Y. Cora Silva, Carlos Hernández Alvarado, Silverio Cruz Cintron, Angelo Pedroso Munera, and Lourdes Romero, were dismissed with prejudice.

On September 28, 2009, Plaintiffs filed the instant motion, requesting that this Court set aside its dismissal of co-plaintiffs' claims. In support of said request, Plaintiffs argue that they set forth sufficient circumstantial evidence that, when considered as a whole, shows that Mayor Questell knew the dismissed co-plaintiffs' political affiliation. Moreover, they contend that the career employees' due process rights were violated because they were not afforded pre-termination hearings. According to Plaintiffs, the record as a whole shows that their terminations were due to their political affiliation.

In opposition, Defendants aver that Plaintiffs failed to establish a prima facie case of political discrimination insofar as they failed to establish that the Mayor knew about their political affiliation. They further posit that Plaintiffs' circumstantial evidence regarding the alleged heated political atmosphere, the "jingle" played by the New Progressive Party, and the possibility that the Mayor knew some of the Plaintiffs' by face, or nicknames, is insufficient to show knowledge of political affiliation. Laslty, Defendants argue that Plaintiffs have not shown that there was a manifest error of law or newly discovered evidence which merits setting aside this Court's prior ruling.

**Standard of Review**

FED. R. CIV. P. 59(e) allows a party, within ten (10) days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). In exercising that discretion, courts must balance the need for

**CIVIL NO. 06-1627 (SEC)** 4

giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)).

Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003).

**Applicable Law and Analysis**

In their motion for reconsideration, Plaintiffs allege that based upon the direct and circumstantial evidence presented in this case, and considering that at the summary judgment stage, the record shall be examined in the light most favorable to the non-movant, this Court should have concluded that Defendants knew Plaintiffs' political affiliation, and that they were terminated as a result of the same. In support of this argument, Plaintiffs point to the following evidence: the heated political atmosphere in the Municipality, Questell's campaign jingle ("pa' fuera es que van!"), Questell's testimony that he could not discard knowing many of the plaintiffs by their faces or nicknames, Questell's alleged comments about Angel Febus and other employees, the HUD and Child Care Program PDP employees' dismissal despite the approval of their respective program's proposals, the Municipality's failure to implement alternate measures prior to dismissal, or follow seniority across the board,[4] the pretextual nature of the Lay Off plan, and the validity of the approval process of Ordinance 28 and 21.

---

[4] In their supplementary motion, Plaintiffs submit CPA Amanda Capo's expert report, in order to show that seniority was not followed across the board, and instead was implemented within each job classification. Docket # 169.

**CIVIL NO. 06-1627 (SEC)**  5

In opposition, Defendants argue that Plaintiffs fail to establish a manifest error of law, or present newly discovered evidence. They further note that Plaintiffs' proffered evidence to show Defendants' knowledge about their political affiliation is entirely speculative, and does not pass the *prima facie* case muster. Moreover, Defendants point out that Plaintiffs' attempts to use Capo's expert report in order to establish Defendants' knowledge of their political affiliation has been rejected by this Court.

After reviewing the record, this Court finds that Plaintiffs' arguments are speculative at best. Albeit at the summary judgment stage, all inferences must be drawn in favor of the non-movant, the First Circuit has also held that "[a]n inference is reasonable only if it can be drawn from the evidence without resort to speculation." Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996) (citing Frieze v. Boatmen's Bank of Belton, 950 F.2d 538, 541 (8th Cir. 1991). As previously noted by this Court, in order to establish a *prima facie* case for political discrimination, plaintiff must first "make four showings": (1) that the plaintiff and the defendant belong to opposing political affiliations; (2) the defendant has knowledge of the plaintiff's opposing political affiliation; (3) there is a challenged employment action; and (4) there is sufficient direct or circumstantial evidence that political affiliation was a substantial or motivating factor in defendant's decision. Peguero-Moronta v. Santiago, 464 F.3d 29, 48 (1st Cir. 2006) (internal citation and quotation omitted). Only when the plaintiff satisfies this initial burden, the burden then shifts to the defendant to show that "it would have taken the same action regardless of the plaintiff's political beliefs-commonly referred to as the Mt. Healthy defense." Padilla v. Rodríguez, 212 F. 2d 69, 74 (1st Cir. 2000); Mt. Healthy v. Doyle, 429 U.S. 274, 287 (1977) (superseded on different grounds); Carrasquillo v. Puerto Rico, 494 F.3d 1, 4 (1st Cir. 2007); Torres-Martinez v. P.R. Dept. Of Corrections, 485 F.3d 19, 23 (1st Cir. 2007); Rodríguez-Ríos v. Cordero, 138 F. 3d 22 (1st Cir. 1998). If the defendant makes such a showing, the plaintiff

**CIVIL NO. 06-1627 (SEC)** 6

may attempt to discredit the tendered nondiscriminatory reason with either direct or circumstantial evidence. Velez-Rivera v Agosto-Alicea, 437 F.3d 145, 153 (1st Cir. 2006) (citing Mt. Healthy, 429 U.S. at 286-87). Thus even in the summary judgment context, "plaintiffs, as the nonmovants, must show evidence sufficient for a factfinder to reasonably conclude that [Defendant's] decision to terminate was driven by a discriminatory animus." Mulero-Rodriguez, 98 F.3d at 673.

In determining the sufficiency of Plaintiffs' evidence, the First Circuit has held that a highly charged political atmosphere can only support an inference of discriminatory animus, when coupled with "the fact that plaintiffs and defendants are of competing political persuasions..." Rodríguez-Ríos, 138 F. 3d at 24. Thus political discrimination claims always require "that defendants have knowledge of the plaintiffs['] political affiliation." Martinez-Baez v Rey-Hernandez, 394 F. Supp. 2d 428, 434 (D.P.R. 2005); Hatfield-Bermudez v. Aldanondo-Rivera, 496 F.3d 51, 61-62 (1st Cir. 2007). As a result, "[a] prima facie case is not made out when there is no evidence that an actor was even aware of the plaintiff's political affiliation." Hatfield-Bermudez, 496 F.3d at 61; see also Gonzalez-Di Blasini v. Family Dep't., 377 F.3d 81, 85-86 (1st Cir. 2004) (holding that the fact that plaintiff was a well-known supporter of the opposing party, had held previous trust positions under said party's administration, and that was allegedly demoted after they assumed power, was insufficient to show that defendants knew about her political affiliation, and that said affiliation was the motivating factor for her demotion); Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 48 (1st Cir. 2004) (finding that a PDP Mayor's statement that he intended to "rid the town of NPP activists" was not enough to show that political affiliation was motive for adverse employment action); Acevedo Díaz v. Aponte, 1 F.3d 62, 69 (1st Cir. 1993) (holding that the fact that plaintiffs were conspicuous targets for discriminatory employment action by defendants because they prominently supported a former mayor is not enough to show

**CIVIL NO. 06-1627 (SEC)**                                                                                                7

motive); Díaz-Ortiz v. Díaz-Rivera, 611 F. Supp. 2d 134, 144 (D.P.R. 2009)(citations omitted) (granting a municipality defendant's motion for summary judgment, holding that "none of the plaintiffs, except [a specified few] offer[ed] evidence that [defendant] had first-hand knowledge of their affiliations" with the opposing party); Roman v. Delgado-Altieri, 390 F. Supp. 2d 94, 102 (D.P.R. 2005)(citing Aviles-Martinez v. Monroig, 963 F.2d 2, 5, (1st Cir. 1992)). Therefore, "even when circumstantial evidence may be sufficient to support a finding of political discrimination, plaintiffs must still make a fact-specific showing that a causal connection exists between the adverse employment action and their political affiliation." Díaz-Ortiz, 611 F. Supp. at 144 (citations omitted); see also Monfort-Rodriguez v. Rey-Hernandez, 599 F. Supp. 2d 127 (D.P.R. 2008).

As held by this Court, in the present case, there is no controversy as to the fact that Plaintiffs and Defendants belong to opposing political affiliations, and that there is a challenged employment action. However, the parties disagreed about whether Defendants knew about Plaintiff's opposing political affiliation, and whether there was sufficient direct or circumstantial evidence that political affiliation was a substantial or motivating factor in Defendants' decision.

In finding that Defendants did not know the dismissed Plaintiffs' political affiliation, this Court noted that the fact that the plaintiffs were municipal employees under the previous administration, participated in political rallies, worked at electoral colleges, and were well-known supporter of the administration's political party does not constitute evidence of their political affiliation. Hatfield-Bermudez, 496 F.3d at 62; see also Gonzalez-De Blasini, 377 F.3d at 85-86; Roman, 390 F. Supp. 2d at 102-03 (holding that "a plaintiff cannot prove that the defendant had knowledge of his political affiliation merely through: testimony of having been seen, or, for that matter, met during routine campaign activity participation, having been visited by the now incumbent while said defendant was a candidate to the position he now holds, by having held a

**CIVIL NO. 06-1627 (SEC)**                                                                 8

trust/confidential/policymaking position in the outgoing administration, by having political propaganda adhered to plaintiff's car and/or house, or throught knowledge of third parties").

Albeit according to the uncontested facts, Questell admitted that he could not discard knowing many of the plaintiffs by their nicknames, since he may recognize them if he sees them in person, this does not equate knowledge of their political affiliations. Plaintiffs' AUF ¶¶ 7 and 25. On the other hand, when Questell admitted he knew the remaining Plaintiffs, he also stated that he knew their political affiliation. Defendant's SUF at 38 & 39.

Based on the foregoing, this Court finds once more that Plaintiffs have not shown that Defendants knew each Plaintiffs' political affiliation, since they did not generate 'the specific facts necessary to take the asserted claim out of the realm of speculative, general allegations." Gonzalez -De Blasini, 377 F.3d at 86. Plaintiffs' request that this Court finds that Questell knew the dismissed Plaintifffs' political affiliation because he may know their nicknames or may know them if he sees them in person. However, the proposition that this Court must conclude that Defendants knew their political affiliation based on the foregoing, and the factors set forth in their motion for reconsideration, requires this Court to make inferences based on mere speculations, and as such, is insufficient to satisfy the *prima facie* case standard. See *cf.* Aponte-Santiago v. Lopez-Rivera, 957 F.2d 40, 43 (1st Cir. 1992) (finding that plaintiff's sworn statement that defendants knew his political affiliation is enough to satisfy the *prima facie* case requisite); Rodriguez-Rios v. Cordero, 138 F.3d 22, 24 (1st Cir. 1998) (holding that the district court erred in granting summary judgment when the plaintiff proffered evidence showing that her PDP affiliation was widely known, and that defendants were aware of her political affiliation); Monfort-Rodriguez v. Rey-Hernandez, 504 F.3d 221, 225-226 (1st Cir. 2007) (holding that although plaintiffs did not produce direct evidence that Rey was aware of their political affiliation, there was enough circumstantial evidence - Rey and the human resource personnel's deposition

**CIVIL NO. 06-1627 (SEC)** 9

testimony - to render the case more circumstantial than speculative). The fact that there is a massive amount of Plaintiffs in this case does not preclude their obligation to set forth a *prima facie* case of political discrimination as any other suits of this nature.

Consequently, and as previously held by this Court in its Opinion and Order, if Defendants did not know Plaintiffs' political affiliation, said factor could not have been a substantial motivating factor for any adverse employment action. Since Plaintiffs have "not met the burden of showing that [their] political affiliation was a substantial or motivating factor for the challenged employment action[s]," Plaintiffs' request to set aside said ruling is denied. Id.

Lastly, this Court notes that Plaintiffs did not expressly address the dismissal of Candida Jimémez and Cereida Muñoz's political harassment claims. Also, they failed to properly argue why this Court should set aside the dismissal of their procedural due process claims. Specifically, Plaintiffs did not address the applicability of the *Hudson-Parratt* doctrine, and instead reiterated that the lack of pre-termination hearing violated their due process rights, and was motivated by their political affiliation. However, this issue was duly ruled upon by this Court, and Plaintiffs have not shown a manifest error of law or newly discovered evidence which merits reversal on this front.

**Conclusion**

For the reasons stated above, Plaintiffs' motion for reconsideration is **DENIED**. The parties are reminded of the following deadlines: Joint Proposed Jury Instructions, Joint Proposed Voir Dire and Joint Proposed Verdict Forms due by **10/2/2009**, and the Amended Proposed Pretrial Order is due by **10/8/2009**. Moreover, the **Jury Trial** is set for **October 13, 2009 at 9:00 am**, and the **Final Pretrial and Settlement Conference** is set for **October 8, 2009** at 2:30 pm..

**IT IS SO ORDERED.**

**CIVIL NO. 06-1627 (SEC)** 10

In San Juan, Puerto Rico, this 2nd day of October, 2009.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge